# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# STANDING ORDER FOR
# MAGISTRATE JUDGE SALLIE KIM

*(Effective July 11, 2019)*

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at cand.uscourts.gov.  The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## CALENDAR DATES AND SCHEDULING

Motions are heard each Monday: civil motions at 9:30 a.m. and criminal motions at 11:00 a.m.  During the months when Judge Kim is on criminal duty, the Court may move any civil motion to 11:00 a.m.  Civil case management and status conferences are heard on Mondays at 1:30 p.m.  Pretrial conferences are held on Fridays at 1:30 p.m. and trials will begin at 9:30 a.m. on Tuesdays.

Parties should notice motions pursuant to the local rules.  Parties need not reserve a hearing date, but should confirm the Court's availability by viewing the scheduling notes for Judge Kim on the Northern District of California website at cand.uscourts.gov.  The Court may reset hearing dates as the Court's calendar requires.  For scheduling questions, please contact Judge Kim's courtroom deputy, Melinda Lozenski, at skcrd@cand.uscourts.gov or (415) 522-4158.

## CONSENT CASES

In civil cases randomly assigned to Judge Kim for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes or their written declination of consent as soon as possible, and in no event later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

**CHAMBERS COPIES AND PROPOSED ORDERS**

Under Civil L.R. 5-1 and 5-2, parties must lodge an extra paper copy of any filing, with the exception of the written consent/declination to the assignment of a United States Magistrate Judge. All chambers copies should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly separated by tabs. Chambers copies must be marked "Chambers Copy" and submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Sallie Kim," and include the case number on the envelope. The chambers copies must be mailed or delivered to chambers according to the deadlines set forth in Civil Local Rule 5-1(e)(7).

Any stipulation or proposed order in a case subject to e-filing should be submitted by email to skpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the Court.

**MOTIONS FOR SUMMARY JUDGMENT**

Absent of a showing of good cause, the Court will address only one motion for summary judgment per side. Separate statements of undisputed facts will not be considered by the Court. Joint statements of undisputed facts are not required, but are helpful if completely agreed upon. If parties submit excerpts of deposition transcripts in support of or opposition to a motion for summary judgment, they shall highlight the relevant portions for ease of reference.

**CIVIL CASE MANAGEMENT**

No later than seven (7) days prior to the any scheduled case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Northern District of California's General Standing Order for civil cases entitled "Contents of Joint Case Management Statement." The parties shall appropriately caption their filing to read: "Initial Joint Case Management Statement" or "Further Joint Case Management Statement" as appropriate. In cases involving *pro se* litigants, the parties may file separate case management statements.

Parties may not stipulate to continue a case management, status, or pretrial conference without Court approval. Each party shall be represented in person at the Case Management

Conference by lead trial counsel (or a party if *pro se*), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's General Standing Order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order.  Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two (2) weeks in advance of the hearing, if the Court determines that good cause exists to excuse personal attendance and that personal attendance is not needed in order to have an effective conference.  The facts establishing good cause must be set forth in the request. If the Court grants a party's request for telephonic appearance, the party shall arrange for the appearance by calling **CourtCall at (888) 882-6878** not later than **3:00 p.m.** the court day prior to the hearing date.

All motion hearings, case management, status and pretrial conferences are audio recorded. They are not reported by a court reporter unless counsel requests a court reporter in advance.

## **CIVIL DISCOVERY**

Parties shall propound disclosures and discovery in accordance with Federal Rules of Civil Procedure 26 through 37 and the corresponding Civil Local Rules for the Northern District of California.  A copy of the Local Rules is available at the Clerk's Office and at the Court's website (http://www.cand.uscourts.gov).  No exceptions to the limitations established in the Federal and Local Rules shall be permitted except pursuant to stipulation of the parties or order of the Court.

If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/stipprotectorder). Parties shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

Meet and confer requirement for discovery disputes.  As an initial matter, the parties must comply with Section 9 of the Northern District's Guidelines for Professional Conduct regarding

3

discovery (available at cand.uscourts.gov/professional_conduct_guidelines). Prior to filing any discovery-related letter, lead trial counsel for all parties shall meet and confer in person, or telephonically if an in-person conference is not feasible, regarding the discovery dispute(s) in an effort to resolve these matter(s). If unable to resolve all disputes through this procedure, the party seeking Court intervention may file an appropriate joint letter. Upon receipt of the filing, the Court may order the parties to further meet and confer if the nature of the dispute is such that it should be resolved without court intervention.

In the rare event that the parties are unable to meet and confer as directed above, or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shall file a written request for a telephonic conference for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure. The written request shall include a declaration which states any attempt to meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the standing order, and (if possible) three dates and times at which all parties are available for a telephonic conference. The moving party may attach exhibits to the declaration, but the declaration and exhibits combined may not exceed seven pages. The Court will not excuse a party from the requisite in-person or telephonic meeting unless good cause is shown.

Joint Letter. After meeting and conferring as set forth above, the parties shall draft and file a jointly signed letter within five (5) business days of the lead trial counsels' meet and confer session that contains the following:

(a) A cover page with the case caption and an attestation that the parties met and conferred in person or telephonically before filing the letter, complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter, as well as the signature of both parties or counsel;

(b) A section which sets forth the unresolved dispute and any pertinent factual background, including relevant case management deadlines such as discovery cut-off, pretrial conference and trial dates; and

(c) With respect to each issue relating to the unresolved dispute, a detailed summary of each party's final substantive position and their final proposed compromise on each issue, including relevant legal authority.  This process allows a side-by-side, stand-alone analysis of each disputed issue.

The joint letter shall not exceed eight (8) double-spaced pages, excluding the cover page, without leave of Court, and may not be accompanied by exhibits or affidavits other than exact copies of interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony.  The joint letter must be e-filed under the Civil Events category of "Motions and Related Filings>Motions--General>Discovery Letter Brief." Upon receipt of the joint letter, the Court will determine what future proceedings are necessary.

All exhibits to motions and/or discovery dispute letters should be separately filed on ECF.  For example, if the motion is Docket No. 30, and the declaration with ten exhibits is Docket No. 31, Exhibit A should be filed as Docket No. 31-1, Exhibit B should be Docket No. 31-2, and so on.  All exhibits should be filed in a searchable OCR format where possible.

Document Responses.  In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state, in a written response served on all other parties, the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist.  It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

Depositions.  Counsel shall consult in advance with opposing counsel to schedule depositions at a mutually convenient time and location.  Counsel and parties must comply with Fed.R.Civ.P. 30(d)(1).  Speaking objections are prohibited.  When privilege is claimed, the witness must answer questions relevant to the existence, extent, or waiver of the privilege, such as the date

of the communication, the speaker, and other people who were present to hear the communication, and the subject matter, unless such information is itself privileged.

In emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy. Before calling, the parties must first send a short email describing the nature of the dispute to skcrd@cand.uscourts.gov. If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

Discovery Hearings. In the event that a discovery hearing is ordered, the counsel shall appear *in person*. Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two (2) weeks in advance of the hearing should the Court determine that good cause exists to excuse personal attendance and that personal attendance is not needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request.

Privilege Logs. If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall promptly prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified. *See* Fed.R.Civ.P. 26(b)(5). The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

(a) The title and description of the document, including number of pages or Bates-number range;

(b) The subject matter addressed in the document;

(c) The identity and position of its author(s);

(d) The identity and position of all addressees and recipients;

(e) The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

(f) The steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; and

(g) The specific basis for the claim that the document is privileged or protected. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

### MOTIONS TO SEAL

Any party who submits a request to file under seal pursuant to Civil Local Rule 79-5 shall include a statement to inform the Court: (1) whether the document, or portion thereof, has been the subject of a previous request to file under seal; and (2) if so, provide the docket numbers of the request and order on the request, and describe whether the request was granted or denied. Parties shall also submit a complete unredacted chambers copy of any brief or supporting papers lodged under seal with all confidential material highlighted.

### LESS EXPERIENCED LAWYERS

The Court strongly encourages parties to permit less experienced lawyers to have an important role in hearings and at trial. The Court will extend the time limits for an associate with fewer than five years.

### UNREPRESENTED (PRO SE) PARTIES

Parties representing themselves should visit the link titled "Pro Se Litigants" on the Court's homepage, cand.uscourts.gov/proselitigants. This section includes the Court's Pro Se Handbook and discusses the Legal Help Center, a free service for unrepresented parties, where you can speak with an attorney who may be able to provide basic legal help but not representation.

IT IS SO ORDERED.

Dated: April 18, 2017

SALLIE KIM
United States Magistrate Judge